LINDSEY v. TESTA.

(Circuit Court of Appeals, First Circuit.   November 13, 1912.)

No. 992.

1. TRIAL (§ 253*)—INSTRUCTIONS—IGNORING ISSUES.

In an action for malicious prosecution, a request to charge that the fact that defendant consulted a reputable member of the bar and stated the facts to him would justify a finding that defendant was not affected by malice in commencing the prosecution was objectionable, as omitting the element of advice of counsel on the facts stated, and also the element of reasonable cause to believe the guilt of the person accused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

2. MALICIOUS PROSECUTION (§ 72*)—TRIAL (§ 253*)—DEFENSES—ADVICE OF COUNSEL—INSTRUCTIONS—IGNORING ISSUES.                    •

In an action for malicious prosecution, a request to charge that, if the jury found that plaintiff stated the facts to a reputable member of the bar and was advised to commence the criminal proceedings, the jury should find for defendant, was objectionable for failure to limit the request to the question of malice, and also as omitting the element of advice of counsel on the facts stated and also the element of reasonable cause to believe the guilt of the person charged.

[Ed. Note.—For other cases, see Malicious Prosecution. Cent. Dig. §§ 168–173; Dec. Dig. § 72;* Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

3. MALICIOUS PROSECUTION (§ 72*)—REQUEST TO CHARGE—DEFINITENESS.

Where, in an action for malicious prosecution, there was a difference in the testimony of witness for defendant as to what facts had been laid before his counsel prior to the institution of the criminal proceeding, and there was evidence from which the jury might have inferred that certain material facts were concealed, and were not related to counsel in seeking his advice, a request to charge that if plaintiff "stated the facts" to a reputable member of the bar, and was advised by him to commence the criminal proceeding. the jury should find for defendant, was objectionable, in that the expression quoted was too indefinite.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 168–173;. Dec. Dig. § 72.*]

4. TRIAL (§ 255*)—INSTRUCTIONS—NECESSITY OF REQUEST.

    In an action for malicious prosecution, defendant could not successfully claim that the court should have instructed that, though advice of counsel to defendant to commence the prosecution might be insufficient to establish the defense of probable cause, it nevertheless might be sufficient to negative malice, where the specific point was not brought to the court's attention by a request to charge.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. § 255.*]

    In Error to the District Court of the United States for the District of Massachusetts; Frederic Dodge, Judge.

    Action by Angelo M. Testa against Willard M. Lindsey. Judgment for plaintiff, and defendant brings error. Affirmed.

    Johnson W. Ramsey, of Boston, Mass. (Samuel R. Cutler, of Boston, Mass., on the brief), for plaintiff in error.

    Joseph L. Keogh, of Boston, Mass. (Charles Toye, of Boston, Mass., on the brief), for defendant in error.

    Before COLT and PUTNAM, Circuit Judges, and BROWN, District Judge.

    BROWN, District Judge. This writ of error is brought to review the rulings of the District Court in an action for malicious prosecution in preferring a criminal complaint charging larceny of an automobile. A verdict was given for the plaintiff, Testa, against the defendant, Lindsey, who is now plaintiff in error.

    The principal errors assigned relate to a refusal of the court, at the conclusion of the evidence, to give upon defendant's request the following instructions to the jury:

    "Second. The fact that the defendant consulted a reputable member of the bar, and stated the facts to the said member of the bar, would justify the jury in finding that the defendant was not actuated by malice in commencing said criminal proceedings in the criminal session of the municipal court of the city of Boston.

    "Third. If the jury find that the plaintiff stated the facts to a reputable member of the bar, and said member of the bar advised him to commence said criminal proceedings, the jury should return a verdict for the defendant."

    [1] The second request was clearly insufficient, since it omitted the element of advice of counsel upon the facts stated, and in effect called for an instruction that, regardless of the advice given, the mere statement of facts to counsel was sufficient to show a lack of malice. It was also insufficient in the omission of the element of reasonable cause to believe the guilt of the accused person. In fact, the request was broad enough to apply, even if the defendant had acted in express disregard of the advice of counsel.

    [2] The third request was not limited to the question of malice, but attempted to set up the advice of counsel as a general defense. Though it incorporates the element of advice of counsel to commence criminal proceedings, it does not state that defendant was advised by

counsel that the facts were sufficient in law to establish guilt of the charge of larceny, or to amount to probable cause. It was also insufficient for reasons that we have stated in connection with the second request.

Each of these instructions, if given, would have been misleading in the omission of elements that should have been included in correct instructions upon the law applicable to the case.

[3] Furthermore, under the condition of proofs set out in the bill of exceptions, the expression "stated the facts" was too indefinite, in view of the difference in the testimony of witnesses for the defendant as to what facts were laid before counsel.

The bill of exceptions states that there was evidence from which the jury might have inferred that certain material facts were concealed by defendant and not related to counsel in seeking his advice. The bill of exceptions states also:

"It was partly true that advice of counsel given to the defendant was based upon the statement made by the defendant that the plaintiff had taken the automobile without authority; and the jury would have been justified in finding that the plaintiff was invited by defendant, by letter, to take the automobile, and that, acting on defendant's invitation, the plaintiff did so take said automobile into his possession, and that the contents of said letter, as well as the fact that said letter was sent by defendant to the plaintiff, were concealed by defendant from said member of the bar whom he consulted before swearing out the complaint."

Nor do we find any harmful error or omission in the instructions to the jury. The jury was carefully instructed that the plaintiff must prove, first, that Lindsey set the criminal prosecution on foot without probable cause to support it; second, that he also, in setting that prosecution on foot, was actuated by a motive of maliciousness against Testa. The court said:

"I have said those two things must be proved. You may find them both from the same evidence; but it does not follow, even if you are satisfied that the prosecution was set on foot without probable cause, that it was therefore set on foot maliciously. The two things are independent. * * * The malicious motive suggested in this case is that Lindsey desired to force Testa to pay him $1,950 for the automobile. Now, if that was his controlling motive in starting this prosecution, if that was what really made him institute the prosecution, the desire, the intent to make Testa pay him $1,950, it was a wrong, and a malicious motive, and unless there was probable cause to support the prosecution he would be liable for starting the prosecution. * * * If you find by the preponderance of the evidence that this plaintiff, not having probable cause, really started this prosecution for the purpose of making the defendant pay him $1,950, you would have evidence before you which would support a verdict for the plaintiff in the case."

The jury was carefully and correctly instructed as to the effect of the advice of counsel upon the question of probable cause, and was instructed that upon a proper submission of facts to counsel for his opinion in matter of law "the advice of counsel protects the defendant so far as the question of probable cause is concerned." They were also instructed that probable cause was a full defense.

It is apparent that the jury found a lack of probable cause even after considering fully the defendant's claim that he acted under advice of counsel.

[4] The brief of the plaintiff in error suggests that the form of the requests was at least sufficient to call the attention of the judge to the substantive defense of advice of counsel, and to require him to consider this with reference to the question of malice. There was, however, nothing to suggest the specific point now raised; i. e., that advice of counsel which was insufficient to establish the defense of probable cause might still be sufficient to negative malice. Were such a question properly raised upon a record embodying correct requests defining this point, we might feel called upon to consider the different lines of authority in which advice of counsel is respectively considered as bearing upon the issue of malice only, or the issue of probable cause only, or upon both issues. See 1 Am. & Eng. Enc. of Law (2d Ed.) 900. A reference to the bill of exceptions, however, shows that there was an issue of fact as to the concealment of material facts from counsel, and the verdict of the jury which establishes a lack of probable cause must be regarded as establishing the fact that material matters were concealed and not related to counsel.

Under these circumstances it is difficult to conceive that advice of counsel, based upon a statement from which material facts were omitted, could have influenced the jury upon the question of malice more than upon the question of probable cause. If the counsel for defendant desired to rest upon such a refined proposition as that advice of counsel, though based upon an incomplete statement of facts, might yet rebut malice, it was his duty to suggest it. It is quite evident that neither of the requested instructions suggested that the defendant desired the court to enter upon such refinements of the law.

Furthermore, it is evident from the record that the question of malicious motive submitted to the jury was a specific and independent question, upon which advice of counsel could have no bearing. There was no question as to what would be the effect of advice of counsel to use criminal process for the collection of a civil debt. The advice of counsel was relevant merely to the question of the criminal liability of the accused person, and not to the question whether criminal proceedings could be used for the collection of a bill.

To the charge as given no exceptions were taken, nor were any requests made for modifications or additions to the charge, though the learned judge at its conclusion asked counsel to suggest anything further that they might desire. Counsel, however, stood upon the exceptions which were taken upon requests which were presented and refused at the conclusion of the testimony and before the charge. As these requests did not correctly state the law applicable to the case, they were properly refused. As they did not suggest to the learned judge the very specific points now involved, we find no omission which requires the setting aside a verdict which, so far as we can judge from this record, was justified by the evidence.

Upon an examination of the charge in connection with the bill of exceptions, we are of the opinion that the rules of law applicable to the facts in issue were clearly and sufficiently stated, and that all was stated that was practically necessary for the proper guidance of the jury.

The remaining assignment of error is clearly without merit, and requires no discussion.

The judgment of the District Court is affirmed, and the defendant in error recovers costs in this court.